UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| JAMES R. FOUSHEE, | ) | CASE NO. 3:05 CV 7170 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| DR. JAMES BAKER, M.D., <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |


On April 12, 2005, plaintiff <u>pro se</u> James R. Foushee filed the above-captioned action under 42 U.S.C. § 1983 against Allen Correctional Institution ("ACI") Physician James Baker, M.D., ACI Physician D. Amin, M.D., ACI Physician D. Miller, O.P., ACI Institutional Dietetic Technician Kim Banks, ACI Health Services Administrator Christy Barkimer, R.N., ACI Health Services Administrator B. Moore, ACI Institutional Inspector John D. Moore, Ohio Department of Rehabilitation and Correction ("ODRC") Acting Assistant Chief Inspector Don Coble, ODRC Chief Medical Officer Bruce Martin, and ODRC Deputy Director of Correctional Health Care Services Kay Northrup. In the complaint, plaintiff alleges he was incorrectly diagnosed with high blood sugar instead of low blood sugar. He seeks monetary

damages in the amount of $75,000.00 from each defendant.

*Background*

During Mr. Foushee's annual physical in June 1998, Dr. Baker determined that Mr. Foushee's blood sugar levels were elevated and diagnosed him as being a type II diabetic. Mr. Foushee was placed on medication and was given informational pamphlets to read regarding the condition. After reviewing the information, Mr. Foushee determined that he in fact suffered from low blood sugar instead of high blood sugar because his symptoms of weakness and shakiness dissipated when he ate a sweet snack. He states Dr. Baker discounted his explanation but failed to conduct a glucose tolerance test to confirm the original diagnosis.

Mr. Foushee contends he awoke in the afternoon of April 18, 2001 to discover he could not see out of his right eye. He reported to the infirmary where he was held pending his transport to the Ohio State University Hospital. During his stay in the infirmary, he was given an evening meal of sandwiches and ice cream. He states he ate the ice cream and fell back to sleep. Shortly thereafter, his vision returned. He claims the medical staff at Ohio State University Hospital confirmed that he was experiencing low blood sugar levels. He indicates a follow-up appointment at Corrections Medical Center on May 1, 2001 corroborated this finding. Thereafter, he attempted to keep sweet snacks available and monitored his blood sugar levels on a periodic basis.

Mr. Foushee states he has had numerous episodes of blurred or clouded vision due to low blood sugar levels. He claims that at an August 2004 appointment with Dr. Amin, he was finally placed on a six daily meal diet. In December 2004, he was asked to return to the infirmary to retest his blood sugar levels because it was elevated at his last reading. Mr. Foushee claims the increase in his blood sugar

was due to the fact that the test was conducted shortly after he consumed a meal of pancakes, syrup, cereal, sugar and juice. The retest showed blood sugar levels within an acceptable level.

Mr. Foushee asserts the defendants negligently diagnosed his condition causing him to suffer weakness, dizziness, headaches, loss of balance, and impaired vision on multiple occasions. He seeks monetary damages against the defendants.

### *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area

of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance.

While Mr. Foushee provides a copy of the Informal Complaint Resolution, Grievance, and Appeal to the Chief Inspector that he filed regarding the incorrect diagnosis, none of these forms specifically identifies any of the defendants named in this complaint. His grievances are stated generally against the ACI "Medical Staff." (Compl. Ex. E.) These general statements are not sufficient to demonstrate exhaustion of administrative remedies against the multiple defendants Mr. Foushee names in this civil rights complaint.

Moreover, even if they could be construed to demonstrate exhaustion of administrative remedies against the defendants who hold positions in the ACI medical department, there is no indication that the claims against the ACI Institutional Inspector were submitted to the grievance process. The United States Sixth Circuit Court of Appeals recently adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, a complaint containing both exhausted and unexhausted claims must be dismissed in its entirety for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed"

4

complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Mr. Foushee has not demonstrated that he filed grievances for all of his claims against all of the defendants, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ DAVID A. KATZ   7/12/05

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[1]   28 U.S.C. § 1915(a) provides, in pertinent part:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.